# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANIA MONTES DE OCA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLOOMBERG L.P.,<br><br>Defendant. | Civil Action No. 13-cv-76 (ALC) |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASSES,
APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Classes, Appointment of Plaintiff's Counsel, and Approval of Plaintiff's Proposed Notice of Settlement ("Motion for Preliminary Approval").

**I.    Preliminary Approval of Settlement**

1.     Based upon the Court's review of the Plaintiff's Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval, the Declaration of Robert W. Ottinger,[1] and all other papers submitted in connection with the Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release between Plaintiff and Defendant Bloomberg L.P. ("Defendant" or "Bloomberg")

---

[1] "Ottinger Decl." refers to the Declaration of Robert W. Ottinger in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiff's Counsel, and Approval of

("Settlement Agreement"), attached as Exhibit D to the Ottinger Declaration, including the releases therein, which the Court finds to be fair, reasonable, and adequate.

2. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082, 2010 WL 2945556, at *1 (S.D.N.Y. July 22, 2010).

3. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4. The assistance of David Rotman, a well-known and experienced private employment mediator, in the parties' mediation reinforces that the Settlement Agreement is non-collusive and was conducted at arms-length. *In re Telik, Inc. Securities Litigation,* 576 F. Supp. 2d 570, 576 (S.D.N.Y. 2008) (approving settlement and finding that participation of judge gave assurance that settlement was non-collusive and conducted at arms-length); *DeMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 2399345, at *1 (S.D.N.Y. Apr. 19, 2010) (granting preliminary approval to settlement that resulted from mediation overseen by an experienced class action employment mediator).

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

5. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, et al., 2009 WL 6615729, at *4 (S.D.N.Y. Nov. 27, 2009).

---

Plaintiff's Proposed Notice of Settlement, dated September __, 2013 (Docket No 27). All "Ex.

6. The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(b)(3) and (e), for settlement purposes:

Rule 23 Class: All persons who are or have been employed by Defendant in New York, New Jersey, or the District of Columbia in one of the twenty-nine (29) ("Reclassified Jobs") of thirty-one (31) jobs which were recently reclassified by Defendant from exempt to non-exempt positions under the FLSA and the labor laws of New York, New Jersey and the District of Columbia during the Rule 23 Class Period.

Rule 23 Class Period: January 3, 2007 to April 28, 2013 for Rule 23 Class Members who worked in one of the Reclassified Jobs in New York; January 3, 2010 to April 28, 2013 for Rule 23 Class Members who worked in one of the Reclassified Jobs in the District of Columbia; and January 3, 2011 to April 28, 2013 for Rule 23 Class Members who worked in one of the Reclassified Jobs in New Jersey.

(Ex. C (FAC) ¶¶ 32-34; Ex. D §§ 2.6, 2.15, 2.26, 2.27 (and Ex. C thereto)). The list of Reclassified Jobs appears as Appendix 1 to this Order.

7. Plaintiff meets all of the requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b)(3).

    a. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(1) because there are approximately 450 Class Members, (Ottinger Decl. ¶ 31), and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

    b. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because Plaintiff and the Class Members share common issues of fact and law, including whether Defendant violated wage and hour laws by failing to pay an overtime premium, particularly because, for the purpose of settlement, Bloomberg is not claiming that any Class Members are exempt. *See Diaz*, 2010 WL 2945556, at *1 (finding Rule 23(a)(2) satisfied where common

---

__" references identify exhibits attached to the Ottinger Declaration.

issues included whether defendants failed to pay plaintiffs and class members minimum wages, overtime wages, and spread of hours pay, made unauthorized deductions from their pay, and failed to maintain accurate time records); *Clark*, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and . . . whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

        c.      Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiff's claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims, particularly because, for the purpose of settlement, Bloomberg is not claiming that any Class Members are exempt. *See Diaz*, 2010 WL 2945556, at *2 ("Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims."); *Clark*, 2009 WL 6615729, at *5 (same); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 182 (W.D.N.Y. 2005) (finding that class members satisfied the typicality requirement where "all class members . . . allege that Kodak failed to pay them . . . overtime wages for hours worked in excess of forty per week during the relevant time period"). *See also Flores,* 284 F.R.D. at 125.

        d.      Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because her interests are not antagonistic or at odds with Class Members' interests. *See Diaz*, 2010 WL 2945556, at *2 (finding adequacy satisfied where plaintiff's interests were not antagonistic or at odds with class members' interests); *Clark*, 2009 WL 6615729, at *5 (same). Plaintiff's counsel meet the adequacy requirement of Rule 23(a)(4) because their "experience, knowledge of this area of law, work invested in identifying the potential claims in this action, and ability to commit

sufficient resources to representing the class also satisfy the Rule 23(g) requirements for appointment as class counsel." *Spicer v. Pier Sixty LLC*, 269 F.R.D. at 337-338 S.D.N.Y 2010 (citing *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 346 (S.D.N.Y.2004)).

        e.      Plaintiff also satisfies Federal Rule of Civil Procedure 23(b)(3). Here, Class Members' common factual allegations and common legal theory – that Defendant misclassified them as exempt and violated federal and state wage and hour laws by failing to pay them for premium overtime hours – predominate over any factual or legal variations among class members, particularly because, for the purpose of settlement, Bloomberg is not claiming that any Class Members are exempt. *See Clark*, 2009 WL 6615729, at *5 (finding common factual allegations and common legal theory to predominate over factual and legal variations among class members in wage and hour misclassification case). Moreover, as Plaintiffs contend and Defendant does not dispute solely for purposes of settlement, since alleged overtime can be calculated based on Bloomberg's building security badge data, damages are "susceptible [to] measurement across the entire class for purposes of Rule 23(b)(3)." *Comcast Corp. v. Behrend*, 569 U.S. __, 133 S. Ct. 1426, 1433 (March 27, 2013). In addition, class adjudication of this case for purposes of settlement is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D.152 ,161 (S.D.N.Y. 2008).

8.      Therefore, solely for the purpose of determining whether the terms of settlement are fair, reasonable, and adequate, the Court conditionally certifies the Rule 23 Class, as defined above, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

### III.    Conditional Certification of The FLSA Collective Class

9.      Plaintiffs have satisfied the requirement at the preliminary (or conditional

certification) stage, of showing that they are "similarly situated" by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," *Realite v. Ark Restaurants Corp.,* 7 F.Supp.2d 303, 306 (S.D.N.Y.1998), and "no showing of numerosity, typicality, commonality and representativeness need be made." *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y.2005). Here, Plaintiffs have made the modest factual showing necessary that Defendant failed to pay them for overtime hours worked, and this satisfied Plaintiffs' burden for certification for purposes of settlement of a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA").

10. Accordingly, the Court provisionally certifies the following collective action settlement class under the FLSA for purposes of effectuating the settlement (the "FLSA Class"):

> All persons in the United States who are or have been employed by Defendant at any point during the Collective Class Period, extending from January 3, 2010 through April 28, 2013, in one of the twenty-nine (29) ("Reclassified Jobs") of thirty-one (31) jobs which were recently reclassified by Defendant from exempt to non-exempt positions under the FLSA and applicable state laws, including the NYLL.

**IV.     Appointment of Plaintiffs' Counsel as Class Counsel**

11. The Court appoints The Ottinger Firm, P.C. ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165. Rule 23(g), which governs the standards and framework for appointing class counsel for a certified class, sets forth four criteria the district court must consider in evaluating the adequacy of proposed counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law; and" (4) "the resources that counsel will commit to representing the class". Fed. R. Civ. P. 23(g)(1)(A).

12.     The Ottinger Firm, P.C. has done substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class Members' claims.  (Ottinger Decl. ¶¶ 10-12, 16.)

13.     The Ottinger Firm, P.C. has substantial experience prosecuting and settling employment class actions, including wage and hour class actions; the lawyers assigned to this matter are well-versed in wage and hour law and in class action law and are well-qualified to represent the interests of the class.  (Ottinger Decl. ¶¶ 45-51.)

14.     The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

15.     In addition, courts have repeatedly found The Ottinger Firm, P.C. to be adequate class counsel in wage and hour class actions.  (Ottinger Decl. ¶ 45-51.)

**V.     Disposition Of Settlement Class If Settlement Agreement Does Not Become Effective**

16.     If, for any reason, the Settlement Agreement ultimately does not become effective, Bloomberg's agreement not to oppose conditional certification of the Rule 23 Class or the FLSA Class shall be null and void in its entirety; this Order conditionally certifying the settlement of the Rule 23 Class and the FLSA Class shall be vacated (with the exception of this provision); the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents or other documents prepared in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.  In particular, the classes certified for purposes of settlement shall be decertified, and Bloomberg will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiff. Bloomberg will also retain the right to contest whether any and all of the Reclassified Jobs were ever

incorrectly classified and whether any and all lawsuits involving the Reclassified Jobs should be maintained as a class action or collective action. Bloomberg will also retain the right to contest whether any employee who worked in any of the Reclassified Jobs worked overtime and whether any such employees are entitled to overtime wages.

## VI. <u>Notice</u>

17. The Court approves the Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Classes, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval ("Proposed Notice"), attached as Exhibit 1 to the Notice of Motion for Preliminary Approval.

18. The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23.

19. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

20. The Proposed Notice satisfies each of these requirements and adequately puts Rule 23 Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Proposed Notice is appropriate because it describes, among other things, the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final

approval hearing.

21. The Proposed Notice also satisfies the FLSA. "Under the FLSA, the content of the notice to be provided to potential class members is left to the broad discretion of the district court." *Summa v. Hofstra University*, 715 F.Supp.2d 378, 392 (E.D.N.Y. 2012) (citing *Garcia v. Pancho Villa's of Huntington Vill., Inc.,* 678 F.Supp.2d 89, 95 (E.D.N.Y. 2010). "Courts consider the overarching policies of the collective suit provisions and whether the proposed notice provides accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." *Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55, 55 (S.D.N.Y.2009) (alteration in original). Just as the Proposed Notice satisfies the Rule 23(c) requirements, it likewise meets the FLSA notice standards.

22. The Court also approves the Claim Form, which will be attached to the Proposed Notice and which is attached as Exhibit 2 to the Notice of Motion for Preliminary Approval. The Claim Form provides a full and fair opportunity for Class Members to submit a claim for proceeds in connection with the Settlement and is in accordance with law.

## VII. Class Action Settlement Procedure

23. The Court hereby adopts the following settlement approval process:

   a. Within ten (10) days following the Court's entry of the Preliminary Approval Order, Defendant's Counsel and Class Counsel shall cooperate to provide to the Settlement Administrator a list of all Class Members based on Defendant's records, including last known addresses and personal email addresses (where available) as well as other information relevant to the calculation of the Settlement Shares under protection of a confidentiality agreement. Ex. D § 7.1.

   b. The Settlement Administrator mails the Class Notice to Class Members within thirty (30) days of this Court's Order Granting Preliminary Approval. Ex. D § 7.2.

   c. Class Members shall have seventy (70) days after the initial date the Class Notices are mailed to return a Claim Forms to receive a Settlement Share

under, opt out of, or object to the Settlement. To be considered timely, Claim Forms, Opt Out Requests and Objections must be postmarked within seventy (70) days after the initial date the Class Notices are mailed. Claims Forms that are submitted online within seventy (70) days after the initial date the Class Notices are mailed shall be considered timely as well. Ex. D §§ 6.3, 7.4, 8.1.

d. The Court will hold a final fairness hearing on Friday, Feb. 28, 2014 at 10:00 a.m. at the ~~Daniel Patrick Moynihan United States~~ Thurgood Marshall Courthouse, ~~500 Pearl Street~~ 40 Foley Square, New York, New York, Courtroom 219.

e. Not later than ten (10) days before the final fairness hearing, the Parties will submit a Motion for Judgment and Final Approval of the Settlement, and Plaintiff will submit an accompanying motion seeking the payment of attorneys' fees, costs, and the Service Award. Ex. D § 9.1.

f. If the Court grants the Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal of the action with prejudice.

g. The Final Approval of the Settlement shall be the day after the time for appeal of the Final Order and Judgment runs or the time to request an extension of such an appeal runs, or if a party appeals the Court's Final Order and Judgment, Final Approval shall be the day after all appeals are finally resolved. Ex. D § 2.12.

h. The Settlement Administrator will mail the Settlement Checks to Qualified Class Members who submit a timely and valid Claim Form and the Service Award to Named Plaintiff within thirty (30) days following Final Approval, unless a party seeks Court intervention to resolve a dispute concerning Final Settlement Share Calculations. Ex. D § 5.8.

i. Qualified Class Members and Affected Class Members who did not opt-out of the Settlement will waive all wage and hour claims against Bloomberg other than under the FLSA, as described in Ex. D § 10. Qualified Class Members who submit a valid Claim Form will, by doing so, opt in to the above-referenced action for FLSA purposes and will also waive all FLSA claims against Bloomberg, as described in Ex. D § 10. By accepting the Service Award, the Named Plaintiff will waive all claims against Bloomberg, as described in Ex. D § 10.

It is so ORDERED this 17 day of October, 2013.

_____
Honorable Sarah Netburn
United States Magistrate Judge

10

# APPENDIX 1

## LIST OF RECLASSIFIED JOBS

1. Billing Representative
2. Facilities Food Services Coordinator
3. Representative Communications
4. Mechanic
5. Exchange Representative
6. Contracts Representative
7. CFS Representative
8. Fulfillment Representative
9. Payroll Analyst
10. Admin Lex – Driver
11. Logistics Analyst
12. Logistics Rep
13. Mailroom Representative
14. Print Operator
15. RMA Call Center Representative
16. Receiving Representative
17. Shipping & Inventory Representative
18. Shipping & Receiving Representative
19. Travel Professional
20. Representative Field Svs Supp Desk
21. AP Representative – Invoice Processing
22. Systems Administrator
23. Operator-R&D-TapeOps
24. Receiving & Inventory Representative
25. Shipping & RMA Representative
26. Facilities Administrator
27. Traffic Log Coordinator Multimedia
28. Receptionist
29. Technician